**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                          :
KWAME JOHNSON,                            :
                                          :  CIVIL ACTION NO. 08-1357 (MLC)
      Plaintiff,                          :
                                          :        MEMORANDUM OPINION
      v.                                  :
                                          :
CITY OF ASBURY PARK, et al.,              :
                                          :
      Defendants.                         :
                                          :
```

**COOPER, District Judge**

The plaintiff, Kwame Johnson, originally brought this action against several defendants pursuant to 42 U.S.C. § ("Section") 1983, alleging violations of his constitutional rights. (Dkt. entry no. 1, Compl. at 1.) This Court dismissed the majority of the plaintiff's claims in an order dated September 29, 2008 ("September 2008 Order"). (Dkt. entry no. 3, 9-29-08 Order.) The only claims now remaining are claims of malicious prosecution against the defendants the City of Asbury Park, the Asbury Park Police Department and Detective Robert Ash ("the Asbury Park defendants") and a failure to protect claim alleged against the defendant Monmouth County. (Id.) The remaining defendants now separately move for summary judgment in their favor. (Dkt. entry no. 25, Asbury Park Defs. Mot. For Summ. J.; dkt. entry no. 26, Monmouth County Mot. For Summ. J.) The plaintiff filed no opposition to the separate motions. The Court determines the separate motions on the briefs without an oral hearing, pursuant

to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the separate motions for summary judgment in favor of the remaining defendants.

### BACKGROUND

Detective Robert Ash ("Detective Ash") responded to a telephone call concerning gun shots fired in December 2004. (Dkt. entry no. 25, Asbury Park Defs. Statement of Facts at 1-2.) Detective Ash reported to the crime scene where he was advised a man identified as Tarrell Jones ("Jones") had been shot twice. (Id. at 2.) The initial investigation of the Jones shooting was conducted by the Asbury Park Police Department and the Monmouth County Prosecutor's Office ("MCPO"). (Id.) Detective Barry DuBrosky ("Detective DuBrosky") of the MCPO participated in the investigation with Detective Ash. (Id.)

Detectives Ash and DuBrosky met with Jones's father and asked him to contact them if he gained any information that might be useful to them in their investigation. (Id. at 4.) Jones's father later called Detective Ash giving him the name of Jerome McMillan ("McMillan"), an individual he believed his son to have been with at the time of the shooting. (Id.) Detectives Ash and DuBrosky then spoke with McMillan who informed them that he and Jones were approached by the plaintiff and an argument ensued. (Id. at 5.) He then stated that the plaintiff threatened Jones and displayed the "shiny part" of a revolver. (Id.) McMillan

2

stated that he then left the scene of the argument, but heard three gunshots as he was leaving. (Id.) McMillan participated in a photographic lineup and identified the plaintiff as the same person in possession of the silver revolver who threatened Jones. (Id. at 5-6.) McMillan also stated that he looked back as he was leaving the scene, saw the plaintiff's right hand pointed at Jones, saw a flash, and then heard a boom. (Id. at 6.)

Detectives Ash and DuBrosky reported this information to an Assistant Prosecutor in the MCPO. (Id.) The Assistant Prosecutor then authorized Detective Ash to file charges against the plaintiff. (Id. at 7.)

The plaintiff appeared at the MCPO on or about December 22, 2004, when his name appeared in a newspaper in connection with the shooting. (Compl. at 2.) The plaintiff was then arrested and charged with attempted murder, aggravated assault, and possession of a weapon for an unlawful purpose. (Id.) Bail was set at $250,000. (Id.) The plaintiff could not pay the bail and was transported to the Monmouth County Correctional Institution ("MCCI"). (Asbury Park Defs. Statement of Facts at 8.)

After the plaintiff's arrest, Detective Ash met with Jones who stated that the plaintiff shot him. (Id. at 9.) McMillan gave a second statement in February 2005 and stated that he did not actually see the plaintiff shoot Jones, but did not recant

3

his prior statement about the argument between the plaintiff and Jones. (Id. at 9-10.)

Detective Ash referred the case to the MCPO for review in March 2005. (Id. at 10.) An assistant prosecutor from the MCPO sent the matter to the Grand Jury for a determination as to probable cause. (Id. at 11.) The plaintiff was indicted by the Monmouth County Grand Jury in April 2005. The plaintiff alleges that he was attacked by another inmate while confined in MCCI as a pretrial detainee. (Dkt. entry no. 2, 9-29-08 Opinion.) The plaintiff was acquitted by a jury in April 2006. (Asbury Park Defs. Statement of Facts at 11.)

## DISCUSSION

**I.    Summary Judgment Standard**

The standard for a motion for summary judgment is well-settled and will be briefly summarized here. Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor." United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009)

(citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

A movant is not automatically entitled to summary judgment simply because the non-movant fails to oppose the motion. Anchorage Assocs. v. V.I. Bd. Of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Instead, Rule 56 provides that the Court may grant the unopposed motion "if appropriate." Id. An unopposed motion is appropriately granted if the Court, following an analysis of the merits, determines that the movant is entitled to judgment as a matter of law. Id.

**II. Separate Motions for Summary Judgment**

    **A. Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

To survive a motion for summary judgment, the plaintiff must demonstrate a genuine issue of fact as to whether the defendant (1) acted under color of state law; or (2) deprived the plaintiff of a federal right. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

5

## B. Failure to Protect Claim

The plaintiff alleges that he was attacked while confined at MCCI and that Monmouth County failed to protect him. (Compl. at 3.) The Court, in the memorandum opinion underlying the September 2008 Order, noted that this claim may be time-barred if the alleged assault occurred prior to March 13, 2006. (9-29-08 Opinion.)

Monmouth County now moves for summary judgment in its favor alleging that the plaintiff's failure to protect claim is time-barred. (Dkt. entry no. 26, Monmouth County Br. at 3.) Section 1983 itself does not provide statutes of limitations. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989). "Actions brought under [Section 1983] are governed by the personal injury statute of limitations of the state in which the cause of action accrued." O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). New Jersey provides a two-year statute of limitations for personal injury actions, and as such, Section 1983 claims must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2. The limitations period begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (citation omitted).

The Complaint is dated March 13, 2008, and was received by the Court on March 17, 2008. (9-29-08 Opinion). A determination

6

of the Complaint's actual filing date is irrelevant because even if filed on the earlier date, the failure to protect claim is time-barred. The incident that the plaintiff alleges forms the basis of his failure to protect claim occurred on March 8, 2005. (Dkt. entry no. 26, Laughlin Cert., Ex. F.) The Complaint was thus filed over three years after the incident giving rise to the claim. As such, this claim is time-barred, and the Court grants summary judgment on this count in favor of Monmouth County.

### C. Malicious Prosecution Claim

The plaintiff alleges a claim of malicious prosecution in violation of the Fourth Amendment against the Asbury Park defendants. (Compl. at 3.) Section 1983 recognizes claims for malicious prosecution if the plaintiff can demonstrate that (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, (4) the criminal proceeding was terminated favorably to the plaintiff, and (5) the plaintiff suffered deprivations of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). "Failure to prove any one of these . . . elements denies the plaintiff a cause of action for malicious prosecution." Wiltz v. Middlesex County Office of the Prosecutor, No. 05-3915, 2006 WL 1966654, at *9 (D.N.J. July 12, 2006). The Asbury Park defendants contend

that they are entitled to summary judgment on the plaintiff's claim of malicious prosecution. (Dkt. entry no. 25, Asbury Park Defs. Br. at 8.)

To establish his claim for malicious prosecution, the plaintiff must demonstrate a lack of probable cause to initiate the proceedings. Johnson, 477 F.3d at 82. "To prevail on this claim, [the plaintiff] must show that the officer[] lacked probable cause for [the] arrest and prosecution . . . based on the information available to the officers at the time of [the] arrest. Wright v. City of Philadelphia, 409 F.3d 595, 604 (3d Cir. 2005). Probable cause exists when there are "facts and circumstances . . . that are sufficient to warrant a prudent person . . . in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003). A defendant can also demonstrate prima facie evidence of probable cause through the existence of a grand jury indictment. Id.

The Asbury Park defendants have shown that there is ample evidence of probable cause. When Detective Ash arrested the plaintiff, he had a positive identification by a witness and the victim that the plaintiff was the shooter. (Asbury Park Defs. Br. at 15, 20.) Further, the plaintiff was indicted by the Grand Jury. (Id. at 21.) The plaintiff fails to rebut this

8

presumption of probable cause. Thus, the Court finds that Detective Ash had probable cause to arrest the plaintiff.

There is also an absence of the requisite malice for malicious prosecution claims.  The plaintiff offers no evidence that Detective Ash acted with malice.  "Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose."  Morales v. Busbee, 972 F.Supp. 254, 261 (D.N.J. 1997).   The plaintiff has not alleged any facts that would support a claim that Detective Ash acted recklessly in disregard to his rights.  In the Complaint, the plaintiff merely alleged that "the Asbury Park Police arrested and prepared and swore out a criminal Complaint . . . causing a false prosecution to be initiated."  (Compl. at 3.)  When asked the basis for his claim that Detective Ash acted maliciously, the plaintiff stated "he was the leading detective so he was the one who, you know, did all the . . . footwork and got all the evidence or non-evidence or probable cause."  (Asbury Park Defs. Statement of Facts at 13.)   Further, when asked if he had any reason to believe that Detective Ash's conduct willfully violated his rights, he stated "I don't have a clue.  I don't know what goes on in his head."  (Id.)  When asked what evidence he had to support his allegation that Detective Ash violated his rights,

9

the plaintiff stated that Detective Ash's "whole investigation is evidence of him willfully violating my rights." (Id. at 14.) Detective Ash had eyewitness testimony that the plaintiff was the shooter and was authorized by the Assistant Prosecutor to file the charges. (Id. at 5, 7.) There is no evidence that he acted with malice in arresting the plaintiff. As such, the Court grants the motion.

### D. Municipal Liability

The plaintiff also alleges his malicious prosecution claim against the City of Asbury Park and the Asbury Park Police Department. (Compl. at 3.) "For Section 1983 purposes, 'municipalities and their police departments are treated as a single entity.'" LeBlanc v. County of Lancaster, No. 09-1685, 2009 WL 3422991, at *3 (E.D. Pa. Oct. 21, 2009) (citing Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997)). Thus, the police department can only be held liable for damages if the municipality can be held liable.

Municipalities can only be held liable under Section 1983 if they implement a policy or custom that results in a violation of the plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989). As the City of Asbury Park is a municipal body, it can only be held liable if the plaintiff can allege that a municipal policy or custom caused his injury.

10

Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

The plaintiff has not alleged any custom or policy of the City of Asbury Park that resulted in the alleged deprivation of his constitutional rights. When asked whether the City of Asbury Park had such a policy, he stated "I don't know. I don't have a clue." (Asbury Park Defs. Br. at 31.) Further, the plaintiff has not alleged that any policymaker was deliberately indifferent to the need to take corrective action to protect against a violation of constitutional rights. The plaintiff thus fails to allege any injury resulting from a municipal policy or custom, and the City of Asbury Park and the Asbury Park Police Department are entitled to summary judgment.

## CONCLUSION

The Court, for the reasons stated supra, will grant the separate motions for summary judgment. The Court will issue an appropriate order and judgment.

    s/Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated: December 11, 2009

11